Concur: CRANE, ANDREWS and O'BRIEN, JJ.; CARDOZO, Ch. J., POUND, LEHMAN and KELLOGG, JJ., concur upon the ground that the declaration of trust pleaded in the complaint does not create an interest in favor of the *cestuis que trust* in advance of recovery or collection by the trustee.

MARK L. DUNN, Appellant, *v.* JAMES SHEWAN & SONS, INC., Respondent.

*Negligence — injury from fall caused by rung of ladder giving way — action against alleged manufacturer to recover damages — insufficiency of evidence to warrant finding either that defendant built ladder or that it was negligently manufactured.*

*Dunn v. Shewan & Sons, Inc.,* 219 App. Div. 805, affirmed.

(Argued January 10, 1928; decided·January 20, 1928.)

APPEAL from a judgment, entered March 22, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of·plaintiff·entered·upon a verdict and directing a dismissal of the complaint. The action was to recover damages for injuries sustained by the plaintiff in falling from a ladder into the hold of a vessel. Plaintiff contended that the defendant built the ladder and built it so negligently that upon use by the plaintiff, one of the rungs pulled out, precipitating the plaintiff to the bottom of the ship and causing him to fracture his arm. The Appellate Division held that there was no evidence to warrant the jury's finding that the ladder which broke was manufactured or furnished by the defendant and insufficient evidence to sustain the claim that it was negligently manufactured.

*Benjamin Pepper, Dennis F. O'Brien, Arthur F. Driscoll* and *Edward C. Raftery* for appellant.

*Francis J. MacIntyre* and *Michael F. Dee* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.